UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HER,<br>Plaintiff,<br>v.<br>COUNTY OF SACRAMENTO, et al.,<br>Defendants. | No. 2:25-cv-02915-DJC-JDP<br><br>ORDER |

Plaintiff, a former Sacramento County Deputy Sheriff, brings multiple claims against the County of Sacramento and its employees. Defendant Christopher Arbuckle, an internal affairs sergeant, now moves for dismissal. Defendant argues that Plaintiff fails to meet the Federal Rules of Civil Procedure ("FRCP") Rule 8(a) standards when read in conjunction with FRCP Rule 12(b)(6). For the following reasons, the Court grants the motion to dismiss without prejudice.

## BACKGROUND

### I. Factual Allegations in the Complaint

Plaintiff's action is based upon the nearly decade long mistreatment Plaintiff claims to have faced from the Sacramento County Sheriff's Office ("SCSO") and its officials during his time as a Deputy Sheriff at the SCSO. (SAC (ECF No. 20) ¶ 1.)

Plaintiff claims that he began experienced adverse treatment in 2016 after reporting supervisory misconduct and other unlawful conduct, and the treatment continued through 2025. (*Id.* ¶ 2.) This included:

> complaint-flipping and selective Internal Affairs investigations; informal supervisory tracking through 'black book' – style files; exclusion from leadership and advancement opportunities; repeated physical assaults by a supervising sergeant; denial of reasonable accommodation and safe reassignment despite consistent medical documentation; and a unilateral, non-judicial disarmament imposed while Plaintiff was on medical leave.

*Id.*

Plaintiff received a "resign or retire or face termination" letter following the alleged retaliatory conduct, ultimately leading to his separation from law enforcement in 2025. (*Id.*)

**II. Procedural Background**

This action was originally filed in the Sacramento County Superior Court on August 15, 2025 and was removed to the Eastern District of California on October 8, 2025. (ECF No. 1.) The operative Second Amended Complaint was filed in February 2026. (ECF No. 20.) Defendants Tracey Jacobs and Christopher Arbuckle filed separate motions to dismiss, which are now fully briefed.[1] (Mot. (ECF No. 24).)[2]

**LEGAL STANDARD**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th

[1] Because the Court dismisses the complaint in full based on Defendant Arbuckle's motion to dismiss, the Court need not address the arguments presented in Defendant Jacobs' motion to dismiss. (ECF No. 22.)

[2] There are multiple documents within this motion to dismiss so the Court cites to the ECF page number.

Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of S.F.*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Defendant Arbuckle moves to dismiss under FRCP 12(b)(6) for violation of FRCP 8(a). (Mot. at 12.) Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (cleaned up). Dismissal for failure to meet this standard is warranted when the complaint is so "verbose, confused and redundant" that the actual substance is hidden. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)). Verbosity alone is not grounds for dismissal. *Hearns*, 530 F.3d at 1131.

The Court agrees with Defendant Arbuckle that Plaintiff's SAC fails to meet the "short and plain statement" standard. (Mot at 10.) He claims that the SAC is "approximately 665 paragraphs of indecipherable prolix spread across nearly 140

pages." (*Id.*) With a length of 143 pages, the SAC would certainly qualify as verbose. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (finding a 48-page complaint with 23 additional pages of addenda and exhibits verbose for purposes of Rule 8). Given the length of the Complaint, it would be difficult, if not impossible, for Defendants to identify the claims against them with any precision.

In addition, the Court concludes that many parts of the complaint are facially redundant. Defendant Arbuckle identifies multiple duplicative claims within the SAC, including Plaintiff's Fifth Claim for Relief as duplicative of Counts One and Two, as it also purports "violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983" and references the same conduct. (Mot. at 24.) Furthermore, the Court finds the complaint confusing. For example, Plaintiff alleges multiple Defendants committed First Amendment Retaliation but does not specifically state what the misconduct was for Defendants Galovich and Arbuckle. (SAC ¶¶ 314–15.) The vague claims create confusion in determining the alleged misconduct and therefore fail to give those Defendant's fair notice of the claims against them in violation of Rule 8.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 24) with leave to amend. Because the Court dismisses the Complaint for violation of Rule 8, it need not address Defendant's other arguments under Rule 12(b)(6). Given the Court's dismissal of the complaint in its entirety, Defendant Jacobs' motion to dismiss (ECF No. 22) is DENIED AS MOOT. Plaintiff shall file his Third Amended Complaint within fourteen (14) days of this order.

IT IS SO ORDERED.

Dated: **July 31, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE